IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANK EDWIN PATE,      § | |
|     Plaintiff,      § | |
| § | |
| v.      § | No. 3:19-cv-00735-S (BT) |
| § | |
| § | |
| KIMBERLY PRIEST JOHNSON et al.,      § | |
|     Defendants.      § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Frank Pate, a federal prisoner, filed a *pro se* complaint asserting claims under *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971), 42 U.S.C. § 1985, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. The Court granted Plaintiff leave to proceed *in forma pauperis* but has not issued process pending judicial screening. For the following reasons, the complaint should be DISMISSED.

I.

Plaintiff alleges Defendants Kimberly Priest Johnson, Seth Kretzer, and David Keith Willeford, each of whom represented Plaintiff as counsel in a criminal matter, conspired with each other to obstruct justice, tamper with evidence, and commit wire and mail fraud. He contends their actions resulted in his illegal conviction. By his complaint, he seeks $75,000,000 in damages and injunctive relief.

II.

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

III.

**A.   Color of Law**

To obtain relief under *Bivens*, a plaintiff must prove two elements: (1) the deprivation of a right secured by the Constitution and laws of the United States; and (2) the deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The color of law requirement "excludes from its reach merely private

conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted).

Here, Plaintiff sues his defense attorneys for alleged actions they took representing him in his criminal case. Defense attorneys, however, are not "state actors" and cannot be sued under *Bivens. See Mills v. Criminal Dist. Court. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Eaves v. Texas*, 427 F. App'x 378, 379 (5th Cir. 2011). Plaintiff's *Bivens* claims should therefore be summarily dismissed.

### 2. Heck v. Humphrey

Plaintiff's claims are also barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question be a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87; *see also Stephenson v. Reno*, 28 F.3d 26, 26-28 (5th Cir. 1994) (per curiam) (affirming dismissal of claims under 42 U.S.C. § 1985 and RICO as barred by *Heck*); *McQuillon v. Schwarzenegger*, 369 F.3d 1091, 1098 n.4 (9th Cir. 2004) ("We agree with our sister circuits that *Heck* applies equally to claims brought under §§ 1983, 1985, and 1986."). *Heck* also bars claims for declaratory or

3

injunctive relief if a favorable judgment would "necessarily imply" the invalidity of the prisoner's conviction. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, a ruling in Plaintiff's favor on his claims that Defendants conspired to unlawfully convict him by tampering with evidence, obstructing justice and committing wire and mail fraud would necessarily imply the invalidity of his conviction. Plaintiff, however, has failed to show that his conviction has been reversed or declared invalid. Plaintiff's claims therefore should be dismissed until Plaintiff can show he satisfies the conditions set forth in *Heck*.

IV.

The Court recommends that Plaintiff's *Biven's* claims be dismissed as frivolous under 28 U.S.C. § 1915(e) and that his § 1985 and RICO claims be dismissed with prejudice until he can show that he has met the requirements under *Heck*.

Signed May 20, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).