IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANK EDWIN PATE, §<br>§ Plaintiff, §<br>§<br>v. §<br>§<br>§<br>§<br>KIMBERLY PRIEST JOHNSON et al., §<br>§ Defendants. § | No. 3:19-cv-00735-S (BT) |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Frank Edwin Pate filed a *pro se* motion to reinstate this closed civil case (ECF No. 17.) He claims the Court wrongfully dismissed his claims for want of prosecution. However, the record shows that the Court summarily dismissed Pate's complaint for failure to state a claim under 28 U.S.C. § 1915(e) and as barred under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Therefore, the Court should deny Pate's motion.

Pate filed his complaint under *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971), 42 U.S.C. § 1985, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962. He claimed his three defense attorneys conspired with each other to obstruct justice, tamper with evidence, and commit wire and mail fraud to illegally convict him. The Court

1

dismissed Pate's *Bivens* claims because defense attorneys are not "state actors" and cannot be sued under *Bivens*. *See Mills v. Criminal Dist. Court. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Eaves v. Texas*, 427 Fed. Appx. 378, 379 (5th Cir. 2011). The Court dismissed Pate's RICO and § 1985 claims because they are barred under *Heck*. In *Heck*, the Supreme Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87; *see also Stephenson v. Reno*, 28 F.3d 26, 26-28 (5th Cir. 1994) (per curiam) (affirming dismissal of claims under 42 U.S.C. § 1985 and RICO as barred by *Heck*); *McQuillon v. Schwarzenegger*, 369 F.3d 1091, 1098 n.4 (9th Cir. 2004) ("We agree with our sister circuits that *Heck* applies equally to claims brought under §§ 1983, 1985, and 1986."). *Heck* also bars claims for declaratory or injunctive relief if a favorable judgment would "necessarily imply" the invalidity of the prisoner's conviction. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  Here, Pate's claims necessarily imply the invalidity of

2

his conviction. Pate, however, has made no showing that his conviction has been reversed or otherwise declared invalid. His claims are therefore barred under *Heck*.

Pate's motion to reinstate this case should be DENIED.

Signed January 9, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).