IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FRANK EDWIN PATE,           §
                            §
     Plaintiff,             §
                            §
v.                          §   No. 3:19-cv-00735-S-BT
                            §
KIMBERLY PRIEST JOHNSON, et al.,  §
                            §
     Defendants.            §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Frank Edwin Pate, a federal prisoner, has filed a *pro se* "Motion To Reinstate Case Due To Procedural and due process errors by this court"—his second post-judgment motion in this closed civil case. (ECF No. 28.) The District Court referred the motion to the United States magistrate judge pursuant to 28 U.S.C. § 636(b). For the reasons stated, the District Court should DENY the motion.

I.

Pate filed this civil action under *Bivens v. Six Unknown Federal Agents,* 403 U.S. 388 (1971), 42 U.S.C. § 1985, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, on March 21, 2019.[1] Two months, later, on May 20, 2019, the United States

---

[1] Under the prison mailbox rule, a prisoner's *pro se* filing is deemed filed when it is delivered to prison authorities for mailing to the court's clerk. *Houston v. Lack,* 487 U.S. 266, 268 (1988); *Medley v. Thaler,* 660 F.3d 833,

magistrate judge issued findings, conclusions, and recommendation (FCR) that Pate's *Bivens* claims be dismissed as frivolous under 28 U.S.C. § 1915(e), and his § 1985 and RICO claims be dismissed with prejudice until he can demonstrate that he has met the requirements under *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 13.) Pate filed objections, but on July 30, 2019, the District Court accepted the recommendation and entered judgment. Ord. (ECF No. 15); J. (ECF No. 16).

Pate subsequently filed a "Motion To Reinstate" (ECF No. 17), in which he argued the Court wrongfully dismissed his claims for want of prosecution. The magistrate judge issued an FCR explaining that Pate mischaracterized the nature of the reason for the earlier dismissal and recommended the District Court deny Pate's post-judgment motion. FCR 3 (ECF No. 18.) Pate did not file objections, and on January 30, 2020, the District Court accepted the recommendation and denied the motion. (ECF No. 19.) The Clerk of Court mailed the magistrate judge's FCR and the District Court's order of acceptance to Pate, but they were returned as undeliverable and unable to forward. (ECF Nos. 18, 20 & 19, 21.)

Pate filed a second post-judgment motion on February 25, 2022 (ECF No. 28), seeking to reinstate his case on the basis that there are errors in

---

840 (5th Cir. 2011). Pate's complaint is signed and dated March 21, 2019, and the Court presumes it was mailed by prison officials on that date. Compl. 10 (ECF No. 1).

the District Court's judgment. Specifically, he argues that he was in transition from Montgomery, Alabama to Pensacola, Florida at the time the District Court accepted the magistrate judge's recommendation on his first post-judgment motion. Pate further argues that because he was in transition, he was precluded from contesting the magistrate judge's FCR. Pate contends that he did not give the Court permission for the magistrate judge to be involved in his case. He further contends that each defendant is a licensed attorney who is allowed to practice law in the federal forum, and for these reasons, each defendant is a "State Actor." Mot. 2 ([ECF No. 28](#)). Pate concludes that consistent with the errors of law made in his case, the Court should reinstate his case, serve the defendants, and issue a jury trial schedule and any other administrative schedules necessary to expedite this matter.

## II.

A court evaluates a motion seeking reconsideration of a prior ruling either as a motion under Rule 59(e) or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). The court determines which rule applies based on when the motion is filed. *Id.* If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed beyond that time period, it is analyzed under Rule 60. *Id.* Here, Pate filed the pending post-judgment motion on February 17, 2022, more than two years after the Court entered its

judgment on July 31, 2019. Therefore, the Court should consider the motion under Rule 60(b).

Under Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons:

> (1)     mistake, inadvertence, surprise, or excusable neglect;
>
> (2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)     the judgment is void;
>
> (5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)      any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is considered an extraordinary remedy, and the need for predictability mandates caution in reopening judgments. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005). The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief. *Harrison v. Baylor Univ. Med. Ctr.*, 2018 WL 7048085, at *2 (N.D. Tex. Dec. 21, 2018), *rec. accepted*, 2019 WL 202325 (N.D. Tex. Jan 15, 2019).

III.

As an initial matter, Pate's Rule 60(b) motion should be denied as untimely. Pursuant to Rule 60(c)(1), a motion under Rule 60(b) must be made within a reasonable time, or good cause must be demonstrated for the delay.[2] *In re Edwards*, 865 F.3d 197, 208 (5th Cir. 2017) (citing *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004)). "'Good cause' for a reasonable delay must be 'evaluated on a case-by-case basis.'" *Id.* (quoting *In re Osborne*, 379 F.3d at 283). Timeliness is assessed when the moving party has a basis to make such a motion, not the time that has passed since judgment was entered. *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992). "Once a party has grounds to make a Rule 60(b) motion, however, he must bring the motion reasonably promptly, though 'the determination of reasonableness is less than a scientific exercise.'" *In re Edwards*, 865 F.3d at 208-09 (quoting *First RepublicBank Fort Worth*, 958 F.2d at 121). When a moving party fails to appeal, and the grounds for relief were known within the time to file an appeal, "the usual time period for direct appeal presumptively delimits, as a matter of law, the 'reasonable time' contemplated by Rule 60[ (c) ]." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288

---

[2] All motions under Rule 60(b) must be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Rule 60(b) motions filed for the reasons set forth in Rule 60(b)(1)-(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.*

(5th Cir. 1985). Rule 60(b) should not be allowed to operate as an end run around appeal time limits. *Id.*

In this case, the Court entered judgment on July 31, 2019. (ECF No. 16.) Pate did not file an appeal. Instead, on September 19, 2019, he filed his first post-judgment. (ECF No. 17.) On January 30, 2020, the District Court denied Pate's motion. (ECF No. 19.) Then, on February 17, 2022, he filed the pending post-judgment motion—more than two years after the Court entered judgment. (ECF No. 28.) Pate makes numerous arguments attacking the Court's judgment, but there is no indication any of these claims were not known to him on July 31, 2019, when the Court entered the judgment. For instance, he argues that the Court dismissed his case in part under *Heck*, but "such reliance was erroneous [sic]." Mot. 2 (ECF No. 28). He then asks, "Why". *Id.* These arguments were available to Pate when the Court entered the judgment. Therefore, the Rule 60(b) motion should be denied as untimely.

Moreover, even if Pate's motion was timely filed, it should still be denied on the merits because his arguments are meritless, and he has not shown any mistake in the judgment or any other reason to grant relief from the judgment. Pate argues that the Court's reliance on *Heck* was misplaced because *Heck* is a rule "to Protect the Rights of the State." *Id.* He further argues that *Heck* allows the State "to maintain its criminal process over a State inmate, without the interference of the Federal courts." *Id.*

In *Heck*, the Supreme Court held that for a plaintiff to recover damages for an allegedly unconstitutional conviction or imprisonment, or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive, declared invalid by a state tribunal, or called into question through the issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *see also Bourne v. Gunnels*, 2022 WL 963979, at *1 n.1 (5th Cir. Mar. 30, 2022) (per curiam). Pate's claims that the defendants conspired to unlawfully convict him by tampering with evidence, obstructing justice, and committing wire and mail fraud are *Heck*-barred because a ruling in his favor would necessarily imply the invalidity of his conviction. FCR 3-4 (ECF No. 13). Pate also failed to show that his state conviction had been reversed or declared invalid. *Id.* 4. For these reasons, the District Court dismissed Pate's *Heck*-barred claims until he can demonstrate he satisfies the conditions set forth in *Heck*. Ord. (ECF No. 15); J. (ECF No. 16).

Pate also argues that at the time the District Court accepted the magistrate judge's recommendation to deny his first post-judgment motion on January 30, 2020, he was in transition from Montgomery, Alabama to Pensacola, Florida. Pate further argues that this precluded him from contesting the magistrate judge's January 9, 2020 FCR. The District Court ultimately accepted the magistrate judge's January 9, 2020 FCR and

7

adopted the recommendation to deny his first post-judgment motion on January 30, 2020. (ECF No. 19.) The District Court's January 30, 2020 order of acceptance was mailed to Pate the next day, but it was returned to the Court on February 4, 2020 as not deliverable as addressed and undeliverable. In Pate's first post-judgment motion, he argued that his case was wrongfully dismissed for want of prosecution, but as discussed in the magistrate judge's January 9, 2020 FCR, that is incorrect. FCR 1 (ECF No. 18). Rather, Pate's *Bivens* claims were dismissed as frivolous under 28 U.S.C. § 1915(e), and his § 1985 and RICO claims were dismissed with prejudice until he can demonstrate that he meets the requirements under *Heck.* Ord. (ECF No. 15); J. (ECF No. 16). At this time, Pate has failed to come forward with any meritorious argument he would have presented if he had the opportunity to object to the magistrate judge's January 9, 2020 FCR. Moreover, he fails to explain why he waited almost two years to inform the Court that he was in transition at the time and did have the opportunity to file objections.

In sum, although Pate argues there were several errors in the Court's judgment, he has failed to come forward with evidence or argument to demonstrate such a showing. Therefore, he is not entitled to relief under Rule 60(b).

## Conclusion

The District Court should DENY Pate's motion (ECF No. 28).

Signed April 11, 2022.

                                _____

                                REBECCA RUTHERFORD
                                UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn,* 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).